IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

DAVID HAYWOOD,                                )
                                              )
            Plaintiff,                        )
                                              )
      v.                                      )     01 C 3872
                                              )
CITY OF CHICAGO, OFFICER MAROZAS, Star        )     Judge Kennelly
No. 11364 and OFFICER MARAS, Star No.         )
4586,                                         )
                                              )
            Defendants.                       )

### NOTICE OF FILING

TO:   Thomas R. Sampson
      Margaret A. Carey
      Willaim E. Bazarek
      Corporation Counsel's Office
      30 North LaSalle St., Suite 900
      Chicago, IL 60602-2502

   Please take notice that on October 31, 2001, I filed the attached FIRST AMENDED COMPAINT at the United States Courthouse, 219 South Dearborn, Chicago, IL.

                                        _____
                                        Attorney for Plaintiff

Jon Rosenblatt
LOEVY & LOEVY
434 West Ontario, Ste. 400
Chicago, IL 60610

### CERTIFICATE OF SERVICE

   I, Jon Rosenblatt, an attorney, certify that on October 31, 2001, I served a copy of the attached FIRST AMENDED COMPAINT and Notice to the above-named parties of record.

                                        _____

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DAVID HAYWOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CITY OF CHICAGO, OFFICER MAROZAS, Star ) | |
| No. 11364 and OFFICER MARAS, Star No. ) | |
| 4586, ) | |
| ) | |
| Defendants. ) | |

DOCKETED NOV 5 2001

FILED J.N.

OCT. 31 2001

MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

### FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, DAVID HAYWOOD, by his attorneys, LOEVY & LOEVY, and complaining of Defendants, CITY OF CHICAGO, and OFFICER MAROZAS and OFFICER MARAS (collectively, "Defendant Officers"), states as follows:

### Introduction

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

### Jurisdiction and Venue

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all or most of the parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within district.

## Background

4. On the morning of November 7, 2000 Plaintiff David Haywood was driving from his home on the South Side of Chicago to his workplace, Big Pawn, where he was employed as a security guard.

5. Shortly after leaving his apartment, Plaintiff, who is African-American, was stopped by the Defendant Officers. Plaintiff had committed no traffic violations justifying the stop.

6. After ordering Plaintiff to get out of his car, the Defendant Officers searched Plaintiff, as well as his car. This search was unlawful in that there was no reasonable suspicion of any wrongdoing.

7. As a professional security guard, Plaintiff had previously completed the requisite 40-hour training course, and is (and was at all relevant times) licensed and authorized to carry his firearm in the State of Illinois. Moreover, at the time of his arrest, Plaintiff was in possession of his Firearm Owners Identification ("FOID") card attesting to the same.

8. Upon searching Plaintiff, the Defendant Officers removed Plaintiff's firearm from his waist, where it was holstered.

9. Plaintiff proceeded to explain to the Defendant Officers that he had simply been driving to work, where he was a security guard. Plaintiff informed the Defendant Officers that all of the required identification cards and paperwork allowing him to carry the firearm were located inside of his car.

2

10. The Defendant Officers responded by stating, "we lock up security," or words to that effect.

11. Plaintiff asked what he had been pulled over for, and the Defendant Officers told him "don't worry about it"; they proceeded to handcuff and transport Plaintiff to a Chicago police station.

12. The following day, on or about November 8, 2000, Plaintiff learned that he had been arrested on the criminal charge of aggravated unlawful use of a weapon ("AUUW").

13. In point of fact, Plaintiff had not committed the offense of AUUW, nor any other criminal offense, because he was properly licensed to carry the firearm and was carrying the proof of the same in his car at the time he was arrested.

14. Plaintiff was then transported to Cook County jail, where he spent approximately two weeks wrongfully incarcerated. Bail was set at $10,000.

15. After approximately two weeks of wrongful incarceration at Cook County jail, Plaintiff was able to post bail, and was allowed to return home.

16. During his wrongful incarceration, however, Plaintiff was fired from his job for inability to come to work.

17. Over the next four months, Defendant was forced to return to Cook County Circuit Court on numerous occasions. Each time he appeared for the criminal case, he was informed that his case had to be continued because the prosecution was not ready to proceed.

18. Finally, after four months, Plaintiff was able to communicate to the Court, as well as to the Assistant State's Attorney, that he was legally entitled to carry a firearm on the day he was arrested, and that he had in his possession the paperwork to prove it.

19. At that final court appearance, the unlawful use of a weapon charge was dismissed in a manner indicative of Plaintiff's innocence.

## COUNT I - 42 U.S.C. § 1983

### Unlawful Search

20. Plaintiff realleges paragraphs 1 through 19 as if fully stated herein.

21. Plaintiff and his automobile were improperly searched without probable cause, and knowing that there was no probable cause, thereby depriving him of liberty.

22. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

23. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff has suffered damages, including but not limited to substantial mental stress and anguish as well as the loss of his employment.

24. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the

moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    b.    As a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

    c.    Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d.    Municipal policy-makers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

    e.    The City of Chicago has failed to act to remedy the patterns of abuse describe in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

WHEREFORE, Plaintiff, DAVID HAYWOOD, respectfully requests that the Court enter judgment in his favor and against

Defendants, CITY OF CHICAGO, OFFICER MAROZAS and OFFICER MARAS, awarding compensatory damages and attorneys' fees, along with punitive damages against OFFICER MAROZAS and OFFICER MARAS in their individual capacities, and any other relief this Court deems just and appropriate.

## COUNT II - 42 U.S.C. § 1983
### False Arrest/False Imprisonment

25. Plaintiff realleges paragraphs 1 through 24 as if fully stated herein.

26. Plaintiff was seized, arrested, and placed into a police car, and incarcerated despite the Defendant Officers' knowledge that there was no probable cause for doing so.

27. In the manner described in the preceding paragraph, Defendants unlawfully restrained Plaintiff's freedom of movement about by imprisoning him in the police car, at the Chicago Police Department District Station, and then at Cook County Jail.

28. As a result of this misconduct, Plaintiff has suffered, and continues to suffer, injuries including pain and suffering as well as the loss of his employment.

29. The Defendant Officers' actions set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

30. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described in preceding paragraphs.

WHEREFORE, Plaintiff, DAVID HAYWOOD, respectfully requests that the Court enter judgment in his favor and against Defendants, CITY OF CHICAGO, OFFICER MAROZAS and OFFICER MARAS, awarding compensatory damages and attorneys' fees, along with punitive damages against OFFICER MAROZAS and OFFICER MARAS in their individual capacities, and any other relief this Court deems just and appropriate.

### COUNT III - State Law Claim
### Unlawful Search

31. Plaintiff realleges paragraphs 1 through 30 as if fully stated herein.

32. Plaintiff was improperly searched and arrested without probable cause.

33. The Defendant Officers falsely seized and searched Plaintiff, knowing said seizure and search to be without probable cause, thereby depriving Plaintiff of liberty.

34. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

35. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff has suffered damages, including but not limited to substantial mental stress and anguish as well as the loss of his employment.

### COUNT IV - State Law Claim
### False Imprisonment

36. Plaintiff realleges paragraphs 1 through 35 as if fully stated herein.

37. Plaintiff was seized, arrested, placed into a police car, and then incarcerated despite the Defendant Officers' knowledge that there was no probable cause for doing any of the above.

38. In the manner described in the preceding paragraph, Defendants unlawfully restrained Plaintiff's liberty to move about by imprisoning him at the Chicago Police Department District Station and then at Cook County Jail. In this manner, Plaintiff's freedom of movement was unduly and unlawfully restricted.

39. As a result of this misconduct, Plaintiff has suffered, and continues to suffer, injuries including pain and suffering as well as the loss of his employment.

40. The Defendants Officers' actions set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff, DAVID HAYWOOD, respectfully requests that the Court enter judgment in his favor and against Defendants, CITY OF CHICAGO, OFFICER MAROZAS and OFFICER MARAS, awarding compensatory damages and attorneys' fees, along with punitive damages against OFFICER MAROZAS and OFFICER MARAS in their individual capacities, and any other relief this Court deems just and appropriate.

### COUNT V - State Law Claim

### Malicious Prosecution

41. Plaintiff realleges each of paragraphs 1-40 as if fully stated herein.

42. Plaintiff was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of innocence.

43. The Defendant Officers accused Plaintiff of criminal activity knowing those accusations to be without probable cause, and they made statements to prosecutors with the intent of exerting influence to institute and continue judicial proceedings.

44. Statements of the Defendant Officers regarding Plaintiff's alleged culpability were made with knowledge that the statements were false and perjured. In so doing, Defendant Officers fabricated evidence and withheld exculpatory information.

45. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

46. As a result of this misconduct, Plaintiff has suffered and continues to suffer injuries including pain and suffering as well as the loss of his employment.

WHEREFORE, Plaintiff, DAVID HAYWOOD, respectfully requests that the Court enter judgment in his favor and against THE CITY OF CHICAGO, OFFICER MAROZAS and OFFICER MARAS, awarding compensatory damages and attorneys' fees, along with punitive damages against OFFICER MAROZAS and OFFICER MARAS in the

individual capacities, as well as any other relief this Court deems just and appropriate under the circumstances.

### COUNT VI - State Law Claim

### Respondeat Superior

47. Plaintiff realleges each of paragraphs 1-46 as if fully stated herein.

48. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members of, and agents of, the Chicago Police Department acting at all relevant times within the scope of their employment.

49. Defendant City of Chicago is liable as principal for all torts committed by its agents.

WHEREFORE, Plaintiff, DAVID HAYWOOD, respectfully requests that the Court enter judgment in his favor and against Defendant, CITY OF CHICAGO, in an amount equal to any award against OFFICER MAROZAS and OFFICER MARAS, as well as any other relief this Court deems just and appropriate under the circumstances.

### COUNT VII - State Law Claim

### Indemnification

50. Plaintiff realleges each of paragraphs 1-49 as if fully stated herein.

51. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

52. The Defendant Officers are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, DAVID HAYWOOD, respectfully requests that the Court enter judgment in his favor and against Defendant CITY OF CHICAGO in the amounts awarded to Plaintiff against OFFICERS MAROZAS and OFFICER MARAS, as compensatory damages, attorneys' fees, punitive damages, and any other relief this Court deems just and appropriate under the circumstances.

### JURY DEMAND

Plaintiff, DAVID HAYWOOD, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

_____
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Danielle Loevy
Jon Rosenblatt
LOEVY & LOEVY
434 West Ontario, Ste. 400
Chicago, IL 60610
(312) 274-1700