UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

DEC 19 2001

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| DAVID HAYWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 01 C 3872 |
| | ) | |
| CITY OF CHICAGO, OFFICER | ) | Judge Kennelly |
| MAROZAS, Star No. 11364 and | ) | |
| OFFICER MARAS, Star No. 4586, | ) | |
| | ) | |
| Defendants. | ) | |

**DOCKETED**

JAN - 4 2002

## DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, City of Chicago, ("City") by Mara S. Georges, Corporation Counsel for the

City of Chicago for its answer defenses and jury demand to plaintiff's complaint, states as

follows:

### INTRODUCTION

1.      This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

**ANSWER:**    The City admits this case is brought pursuant to 42 U.S.C. section 1983 to address

an alleged deprivation of plaintiff's civil rights.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331.

**ANSWER:**    The City admits the introductory allegations of paragraph 2.

3.      Venue is proper under 28 U.S.C. § 1391 (b).  On information and belief, all or most of the parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within district.

**ANSWER:**    The City admits venue is proper in this court.



4.    On the morning of November 7, 2000 Plaintiff David Haywood was driving from his home on the South Side of Chicago to his workplace, Big Pawn, where he was employed as a security guard.

**ANSWER:**    The City admits police documents indicate plaintiff was employed as a security

guard at Big Pawn, and that he was on South Side of the city on the morning of November 7,

2000. The City is without knowledge or information sufficient to form a belief as to the truth or

falsity of the remaining allegations of paragraph 4.

5.    Shortly after leaving his apartment, Plaintiff, who is African American, was stopped by the Defendant Officers. Plaintiff had committed no traffic violations justifying the stop.

**ANSWER:**    The City, based upon police department documents, denies that plaintiff

committed no violations which justified the initial stop. The City admits police department

documents indicate plaintiff is African American. The City is without knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 5.

6.    After ordering Plaintiff to get out of his car, the Defendant Officers searched Plaintiff, as well as his car. This search was unlawful in that there was no reasonable suspicion of any wrongdoing.

**ANSWER:**    The City, based upon police department documents, denies the allegations of

paragraph 6.

7.    As a professional security guard, Plaintiff had previously completed the requisite 40-hour training course, and is (and was at all relevant times) licensed and authorized to carry his firearm in the State of Illinois. Moreover, at the time of his arrest, Plaintiff was in possession of his Firearm Owners Identification ("FOID") card attesting to the same.

**ANSWER:**    The City denies, based upon police department documents, that plaintiff was

authorized to carry his firearm at the time of his arrest. The City is without knowledge or

information sufficient to form a belief as to the truth or falsity of the allegation that plaintiff was

2

carrying an Illinois FOID card with him at the time of his arrest.

8.    Upon searching Plaintiff, the Defendant Officers removed Plaintiff's firearm from his waist, where it was holstered.

**ANSWER:**    The City admits police department documents indicate that plaintiff was wearing

two handguns holstered at the waist. The City is without knowledge or information sufficient to

form a belief as to the truth or falsity of the remaining allegations of paragraph 8.

9.    Plaintiff proceeded to explain to the Defendant Officers that he has simply been driving to work, where he was a security guard. Plaintiff informed the Defendant Officers that all of the required identification cards and paperwork allowing him to carry the firearm were located inside of his car.

**ANSWER:**    The City denies, based upon police department documents, the allegation that

plaintiff was driving to work, and that plaintiff had in his car all of the required paperwork

allowing him to carry the firearm. The City is without knowledge or information sufficient to

form a belief as to the truth or falsity of the remaining allegations of paragraph 9.

10.    The Defendant Officers responded by stating, "we lock up security," or words to that effect.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations of paragraph 10.

11.    Plaintiff asked what he had been pulled over for, and the Defendant Officers told him "don't worry about it"; they proceeded to handcuff and transport Plaintiff to a Chicago police station.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations of paragraph 11.

12.    The following day, on or about November 8, 2000, Plaintiff learned that he had been arrested on the criminal charge of aggravated unlawful use of a weapon ("AUUW").

**ANSWER:**    The City admits police and court documents indicate that plaintiff was charged

3

with aggravated unlawful use of a weapon. The City is without knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 12.

13.     In point of fact, Plaintiff had not committed the offense of AUUW, nor any other criminal offense, because he was properly licensed to carry the firearm and was carrying the proof of the same in his car at the time he was arrested.

**ANSWER:**     The City, based upon police department documents, denies the allegations of

paragraph 13.

14.     Plaintiff was then transported to Cook County jail, where he spent approximately two weeks wrongfully incarcerated. Bail was set at $10,000.

**ANSWER:**     The City admits, based upon court documents, that plaintiff's bond was set at

$10,000. The City is without knowledge or information sufficient to form a belief as to the

remaining allegations of paragraph 14.

15.     After approximately two weeks of wrongful incarceration at Cook County jail, Plaintiff was able to post bail, and was allowed to return home.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations of paragraph 15.

16.     During his wrongful incarceration, however, Plaintiff was fired from his job for inability to come to work.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations of paragraph 16.

17.     Over the next four months, Defendant was forced to return to Cook County Circuit Court on numerous occasions. Each time he appeared for the criminal case, he was informed that his case had to be continued because the prosecution was not ready to proceed.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations of paragraph 17.

18.     Finally, after four months, Plaintiff was able to communicate to the Court, as well as to the Assistant States Attorney, that he was legally entitled to carry a firearm on the day he was arrested, and that he had in his possession the paperwork to prove it.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations of paragraph 18.

19.     At that final court appearance, the unlawful use of a weapon charge was dismissed in a manner indicative of Plaintiff's innocence.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations of paragraph 19.

**COUNT I 42 U.S.C. § 1983**
**UNLAWFUL SEARCH**

20.     Plaintiff realleges paragraphs 1 through 19 as if fully stated herein.

**ANSWER:**     The City realleges its answers to paragraphs 1-19 as its answer to paragraph 20.

21.     Plaintiff and his automobile were improperly searched without probable cause, and knowing that there was no probable cause, thereby depriving him of liberty.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations of paragraph 21.

22.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations of paragraph 22.

23.     As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff has suffered damages, including but not limited to substantial mental stress and anguish as well as the loss of his employment.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations of paragraph 23.

24.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a.      As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b.      As a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

c.      Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of he Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.      Municipal policy-makers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

e.      The City of Chicago has failed to act to remedy the patterns of abuse describe in the preceding subparagraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

**ANSWER:**     The City denies the allegations of paragraph 24.

**WHEREFORE**, the City respectfully prays that this Honorable Court enter judgment in its favor on Count I, with fees and costs and with such other relief as this Honorable Court deems just.

## COUNT II - 42 U.S.C. § 1983
## FALSE ARREST/FALSE IMPRISONMENT

25.     Plaintiff realleges paragraphs 1 through 24 as if fully stated herein.

**ANSWER:**     The City realleges its answers to paragraphs 1-24.

6

26.     Plaintiff was seized, arrested, and placed into a police car, and incarcerated despite the Defendant Officers' knowledge that there was no probable cause for doing so.

**ANSWER:**     The City admits police department documents indicate that plaintiff was arrested and placed in a police car. The City is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 26.

27.     In the manner described in the preceding paragraph, Defendants unlawfully restrained Plaintiff's freedom of movement about by imprisoning him in the police care, at the Chicago Police Department District Station, and then at Cook County Jail.

**ANSWER:**     The City admits police department documents indicate that plaintiff's freedom of movement was constrained by his being held in a police department station. The City is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 27.

28.     As a result of this misconduct, Plaintiff has suffered, and continues to suffer, injuries including pain and suffering as well as the loss of his employment.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 28.

29.     The Defendant Officers' actions set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 29.

30.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described in preceding paragraphs.

**ANSWER:**     The City denies the allegations of paragraph 30.

**WHEREFORE,** the City respectfully prays that this Honorable Court enter judgment in its favor on Count II, with fees and costs and with such other relief as this Honorable Court

deems just.

## COUNT III - State Law Claim
### UNLAWFUL SEARCH

39.     Plaintiff realleges paragraphs 1 through 38 as if fully stated herein.

**ANSWER:**     The City realleges its answers to paragraphs 1-38 as its answer to paragraph 39.

40.     Plaintiff was improperly searched and arrested without probable cause.

**ANSWER:**     The City denies, based upon police department documents, denies the allegations

of paragraph 40.

41.     The Defendant Officers falsely seized and searched Plaintiff, knowing said seizure
and search to be without probable cause, thereby depriving Plaintiff of liberty.

**ANSWER:**     The City denies, based upon police department documents, denies the allegations

of paragraph 41.

42.     The misconduct described in this Count was undertaken with malice, willfulness,
and reckless indifference to the rights of others.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations of paragraph 42.

43.     As a result of the above-described wrongful infringement of Plaintiff's rights,
Plaintiff has suffered damages, including but not limited to substantial mental stress and anguish
as well as the loss of his employment.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations of paragraph 43.

## COUNT IV - State Law Claim
### FALSE IMPRISONMENT

44.     Plaintiff realleges paragraphs 1 through 44 as if fully stated herein.

**ANSWER:**     The City realleges its answers to paragraphs 1-44 as its answer to paragraph 44.

45.     Plaintiff was seized, arrested, placed into a police car, and then incarcerated despite the Defendant Officers' knowledge that there was no probable cause for doing any of the above.

**ANSWER:**     The City admits, based upon police department documents, that plaintiff was

arrested, transported and held.  The City is without knowledge or information sufficient to form a

belief as to the remaining allegations of paragraph 45.

46.     In the manner described in the preceding paragraph, Defendants unlawful restrained Plaintiff's liberty to move about by imprisoning him at the Chicago Police Department District Station and then at Cook County Jail.  In this manner, Plaintiff's freedom of movement was unduly and unlawfully restricted.

**ANSWER:**     The City admits, based on police department and court records that plaintiff's

liberty was restrained.  The City is without knowledge or information sufficient to form a belief

as to the truth or falsity of the remaining allegations of paragraph 46.

47.     As a result of this misconduct, Plaintiff has suffered, and continues to suffer, injuries including pain and suffering as well as the loss of his employment.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations of paragraph 47.

48.     The Defendants Officers' actions set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations of paragraph 48.

**WHEREFORE**, the City respectfully prays that this Honorable Court enter judgment in

its favor on Count V, with fees and costs and with such other relief as this Honorable Court

deems just.

9

## COUNT V - State Law Claim
## MALICIOUS PROSECUTION

49.     Plaintiff realleges each of paragraphs 1 through 38 as if fully stated herein.

**ANSWER:**     The City realleges its answers to paragraphs 1-38 as its answer to paragraph 49.

50.     Plaintiff was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of innocence.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations of paragraph 50.

51.     The Defendant Officers accused Plaintiff of criminal activity knowing those accusations to be without probable cause, and they made statements to prosecutors with the intent of exerting influence to institute and continue judicial proceedings.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations of paragraph 51.

52.     Statements of the Defendant Officers regarding Plaintiff's alleged culpability were made with knowledge that the statements were false and perjured. In so doing, Defendant Officers fabricated evidence and withheld exculpatory information.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations of paragraph 52.

53.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations of paragraph 53.

54.     As a result of this misconduct, Plaintiff has suffered and continues to suffer injuries including pain and suffering as well as the loss of his employment.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations of paragraph 54.

**WHEREFORE**, the City respectfully prays that this Honorable Court enter judgment in its favor on Count V, with fees and costs and with such other relief as this Honorable Court deems just.

## COUNT VI - State Law Claim
### Respondeat Superior

55.     Plaintiff realleges each of paragraphs 1-54 as if fully stated herein.

**ANSWER:**     The City realleges its answers to paragraphs 1-54 as its answers to paragraph 55.

56.     In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members of, and agents of, the Chicago Police Department acting at all relevant times within the scope of their employment.

**ANSWER:**     The City admits the defendant officers were acting in the scope of their employment.

57.     Defendant City of Chicago is liable as principal for all torts committed by its agents.

**ANSWER:**     The City admits that it is liable for the torts of its agents, subject to the immunities provided by law, as for instance by the Illinois Tort Immunity Act, 745 ILCS 10.1-101, et seq.

**WHEREFORE**, the City respectfully prays that this Honorable Court enter judgment in its favor on Count VI, with fees and costs and with such other relief as this Honorable Court deems just.

## COUNT VII - State Law Claim
### Indemnification

58.     Plaintiff realleges each of paragraphs 1-57 as if fully stated herein.

**ANSWER:**     The City realleges its answers to paragraphs 1-57 as its answer to paragraph 58.

59.     Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment

**ANSWER:**     The City admits the allegation of paragraph 59.

60.     The Defendant Officers are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

**ANSWER:**     The City admits the officers were acting within the scope of their employment in their interactions with the plaintiff. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 60.

**WHEREFORE,** the City respectfully prays that this Honorable Court enter judgment in its favor on Count VII, with fees and costs, and with such other relief as this Honorable Court deems just.

## AFFIRMATIVE DEFENSES

1.     The City is not liable for any state law claims because its police officers, to the extent they were acting in the execution or enforcement of the law, are immune from liability for their actions unless those actions constitute wilful and wanton conduct. 745 ILCS 1-/2-202.

2.     The City is not liable for any state law claims if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109.

3.     To the extent plaintiff failed to mitigate any of her claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiff has a duty to mitigate his damages, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this is case.

4.     To the extent any injuries or damages claimed by plaintiff were proximately

caused, in whole or in part, by any wrongful conduct on the part of the plaintiff, any verdict or

judgment obtained by plaintiff must be reduced by application of the principles of comparative

fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in

this case.

### JURY DEMAND

The City respectfully demands this case be tried by jury.

Respectfully submitted,

MARA S. GEORGES,
CORPORATION COUNSEL
CITY OF CHICAGO

By:

ALEC M. MCAUSLAND
Assistant Corporation Counsel

30 N. LaSalle St., Suite 900
Chicago, Illinois 60602
(312) 744-2836
Attorney No. 06202724

## CERTIFICATE OF SERVICE

I, Alec M. McAusland, an attorney, hereby certify that I have caused true and correct copies of the above **CITY OF CHICAGO'S AGREED MOTION TO FILE <u>INSTANTER</u> IT'S ANSWER, DEFENSES AND JURY DEMAND** to be mailed by U.S. Mail to the persons named in the foregoing notice this 19th day of December, 2001.

ALEC M. McAUSLAND