Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 3872 | DATE | 11/15/02 |
| CASE TITLE | Haywood vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached order, Haywood's false arrest claim can proceed. The Court urges the parties to seriously consider settlement of this action.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 26 2002 | 39 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | CW | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| OR | courtroom deputy's initials | 02 NOV 25 PM 4:43 U.S. DISTRICT COURT CLERK | | |
| | | Date/time received in Central Clerk's Office | mailing deputy initials | |

DOCKETED
NOV 26 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID HAYWOOD, )
)
    Plaintiff, )
)
vs. ) Case No. 01 C 3872
)
CITY OF CHICAGO, OFFICER )
MICHAEL MAROZAS, Star No. 11354, and )
OFFICER EDWARD MARAS, Star No. 4586, )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The Court's Memorandum Opinion and Order of September 25, 2002 directed plaintiff David Haywood to show cause why judgment on the pleadings should not be granted as to all of his claims except his unlawful search claim. *Haywood v. City of Chicago,* No. 01 C 3872, 2002 WL 31118325, at *7-8 (N.D. Ill. Sept. 25, 2002). Both sides have now addressed the issues raised by the Court. Haywood has persuaded the Court that it may have jumped the gun and that his claim can proceed, at least for now. Familiarity with the September 25 ruling is assumed.

As Haywood points out, he has made two separate §1983 claims arising from his arrest and detention: a false arrest claim and a claim for unlawful detention following the *Gerstein* hearing. He argues that even if the officers had probable cause to arrest, as the Court suggested in its September 25 ruling, that does not warrant detention beyond the *Gerstein* hearing. The Court agrees. Haywood's claim that his Fourth Amendment rights were violated due to Officer Maras's allegedly false statements on the complaint used at the *Gerstein* hearing to justify

Haywood's further detention – a claim that we concluded stated a claim upon which relief could be granted[1] – is, in fact, separate and distinct from his false arrest claim. Defendants essentially concede this in their response to Haywood's memorandum and note that they intend to move for summary judgment on the *Gerstein*-related Fourth Amendment claim.

With regard to his false arrest claim, Haywood argues that he did not, contrary to the Court's suggestion, concede probable cause in his second amended complaint. To understand this argument some context is required. In the Court's September 25 ruling, we noted that Illinois law makes the carrying of a firearm an offense; the prosecution is not required to negate unraised affirmative defenses to obtain a conviction or even in stating a criminal charge for that offense. *Haywood*, 2002 WL 31118325, at *7. An exemption exists for a licensed security guard whose duties involve carrying a weapon and who is commuting to work, so long as the guard is carrying documentation demonstrating his completion of an approved course in firearms handling – a so-called "tan card." *Id.* In his second amended complaint, Haywood conceded that he did not have a valid tan card at the time of his arrest, though he alleged that the officers did not know this and did not ask. 2d Am. Cplt. ¶12. The Court noted that an officer who is aware of information that tends to establish an affirmative defense cannot ignore it, meaning that such information may negate probable cause. *Id.* at *7 (citing *Fridley v. Horrighs*, 291 F.3d 867, 872-74 (6th Cir. 2002)). But, we stated, "Haywood does not claim to have shown the officers a 'tan card' or even to have told them that he had one." *Id.* at 13.

---

[1] The Court did not, as Haywood suggests, find that his Fourth Amendment rights were violated in connection with the *Gerstein* hearing. Nor could we have done so in the context of a motion to dismiss made by the defendants. Rather, we held that Haywood had alleged enough to permit that claim to proceed.

2

Haywood now points out that he was not required to allege these facts in his complaint, and he claims that he indeed told the officers that he had the necessary paperwork with him, thus bringing the exemption into play, but they ignored him, did not ask to see it, and arrested him despite his claim. Of course, if the officers had asked for the paperwork, Haywood would not have been able to produce it (evidently his tan card had expired), but they did not ask, and Haywood correctly argues that their later discovery that he had no valid tan card cannot support the existence of probable cause at the time of the arrest. *See, e.g., Smith v. Ball State University,* 295 F.3d 763, 769-70 (7th Cir. 2002).

The Court is persuaded by Haywood's argument that he has not conceded probable cause to arrest; he is entitled to proceed on his false arrest claim. Though an officer who has probable cause to arrest need not continue to investigate to uncover exculpatory evidence, *see, e.g., Forman v. Richmond Police Department,* 104 F.3d 950, 962 (7th Cir. 1997), the determination of probable cause involves an examination of all the circumstances known to the officer at the time of the arrest, *see generally Carroll v. United States,* 267 U.S. 132, 162 (1925), including exculpatory information. Thus, as the Sixth Circuit has held, probable cause is lacking if an officer has knowledge of matters tending to establish that the arrestee is entitled, as a result of a statutory exemption, to carry a weapon. *See Estate of Dietrich v. Burrows,* 167 F.3d 1007, 1012 (6th Cir. 1999); *Painter v. Robertson,* 185 F.3d 557, 571 (6th Cir. 1999). Put another way, Haywood can maintain a claim that because he claimed a statutory exemption when confronted by the officers, probable cause was lacking absent information tending to undercut that exemption. The facts underlying Haywood's claim are disputed, but we cannot resolve the dispute on a motion to dismiss or a motion for judgment on the pleadings.

Thus Haywood's false arrest claim can proceed. The Court is, however, constrained to point out that on the scenario that Haywood posits, his false arrest claim is premised on what is common parlance would be characterized as the narrowest of "technicalities." The fact is that he was not legally authorized to carry his weapon; he was in fact committing the offense with which he was charged (even if, as a matter of prosecutorial discretion, the Cook County State's Attorney elected not to pursue the charge); and the statement he claims to have made which brought the statutory exemption into play was false, even if unknowingly so. Even if Haywood's version of the events is correct, a simple and entirely proper request by the officers – "Let's see your permit" – would have eliminated any basis upon which to challenge the arrest. The Court questions whether a jury would award Haywood more than nominal damages even if it accepted his version of the events. The Court urges the parties to seriously consider settlement of this action.

                                                _____
                                                MATTHEW F. KENNELLY
                                                United States District Judge

Date: November 15, 2002