IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

DAVID HAYWOOD,                          )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )     01 C 3872
                                        )
CITY OF CHICAGO, OFFICER MAROZAS, Star  )     Judge Kennelly
No. 11364 and OFFICER MARAS, Star No.   )
4586,                                   )
                                        )
            Defendants.                 )

## NOTICE OF FILING

TO:

        Willaim E. Bazarek
        Thomas R. Sampson
        Margaret A. Carey
        Alec McAusland
        Corporation Counsel's Office
        30 North LaSalle St., Suite 900
        Chicago, IL 60602-2502

        Please take notice that on February 28, 2003, I filed
the attached Plaintiff's Second Amended Complaint, at the United
States Courthouse, 219 South Dearborn, Chicago, IL.

                              Attorney for Plaintiff

Jon Rosenblatt
LOEVY & LOEVY
312 North May, Ste. 100
Chicago, IL 60607

## CERTIFICATE OF SERVICE

        I, Jon Rosenblatt, an attorney, certify that on
February 28, 2003, I served a copy of the attached Second Amended
Complaint to the above-named parties of record.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

DAVID HAYWOOD, on behalf of himself    )
and a class of others similarly        )
situated,                              )
                                       )
            Plaintiffs,                )        01 C 3872
                                       )
        v.                             )        Judge Kennelly
                                       )
CITY OF CHICAGO, MICHAEL MAROZAS,      )        **DOCKETED**
and OFFICER EDWARD MARAS,              )
                                       )        MAR 0 3 2003
            Defendants.                )

## SECOND AMENDED COMPLAINT

NOW COMES Plaintiff, DAVID HAYWOOD on behalf of himself
and a class of others similarly situated (the "Class"), by his
attorneys, LOEVY & LOEVY, and complaining of Defendants, CITY OF
CHICAGO, and OFFICER MICHAEL MAROZAS and OFFICER EDWARDS MARAS
(collectively, "Defendant Officers"), states as follows:

### Introduction

1.    Plaintiffs, David Haywood and the Class, bring
this action pursuant to 42 U.S.C. Section 1983 and Illinois state
law challenging the City of Chicago's pattern and practice of
using forged and unsworn affidavit testimony to detain persons
arrested without an arrest warrant.

2.    The Fourth Amendment to the United States
Constitution and relevant provisions of Illinois state law
protect citizens from being arrested and detained for prolonged
periods based solely on the decision of a police officer that
probable cause exists to deprive the citizen of his right to
liberty.    Rather, the seriousness of a prolonged deprivation of



the right to liberty requires that a disinterested member of the judicial branch make an independent evaluation of probable cause.

3. Given the solemnity with which a citizen's right to liberty is held, the Constitution requires that this evaluation be based on "[o]ath or affirmation," i.e., sworn testimony of a police officer or other witness.

4. However, as a matter of consistent practice at the Chicago Police Department (the "Department"), Chicago Police Officers routinely circumvent this fundamental constitutional protection by forging affidavits for one another such that no officer actually swears to the facts. Chicago Police Officers employ this unconstitutional practice routinely, i.e., in as many as 90 percent of warrantless arrests.

5. Although perjury and false swearing are crimes in the State of Illinois, and, under the circumstances here, also violate federal criminal laws, the Chicago Police Department has taken no steps to enforce the law against its own officers, neither has it notified the Illinois State's Attorney's Office or the United States Department of Justice of its knowledge of the violations by its officers. Rather, the Department has long condoned the unconstitutional practice, and continues to do so to the present day.

6. As a result, the practice of creating "dummy affidavits" is widespread and established among the officers of the Chicago Police Department, and tens, if not hundreds of thousands, of pretrial detainees have been unlawfully imprisoned awaiting trial. Even now, many members of the Class are being

2

held behind bars unconstitutionally, based on this manufactured "testimony".

6. Plaintiff and the Class seek damages for their unlawful imprisonment, as well as injunctive relief reforming the Chicago Police Department's unconstitutional procedures.

## Jurisdiction and Venue

7. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1367.

8. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all or most of the parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within district.

## Class Action Allegations

9. Each of the foregoing Paragraphs are incorporated herein by reference.

10. The named Plaintiff, David Haywood, brings this action on his own behalf, and on behalf of a class of persons under Federal Rule Of Civil Procedure 23(a) and 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

11. The named Plaintiff seeks to represent a class of the following individuals:

> All persons arrested by the Chicago Police Department without a prior arrest warrant and who were detained in excess of 48 hours at any time from May 25, 1991 to the present day (the "Class Period") based on a criminal Complaint which was not sworn to by the Chicago Police Officer whose name and signature appears on the signatory line of the Complaint.

12. The individuals in the Class are so numerous that joinder of all members is impracticable. The named Plaintiff

3

estimates that there are tens if not hundreds of thousands of members of the Class.

a. On information and belief, approximately 200,000 persons have been arrested by the Chicago Police Department in each year of the Class Period. In the year 1999 alone, the Chicago Police Department arrested over 268,000 persons. Many of these were held awaiting trial.

b. At any given time during the Class Period, the average daily population of pretrial detainees imprisoned in this judicial district has ranged between approximately six and eleven thousand persons.

c. Chicago police personnel have indicated under oath that this unconstitutional practice is employed as a matter of convenience in up to 90 percent of their warrantless arrests.

13. There are questions of law and fact common to the Class. Among these common questions are:

a. Whether the holding of pretrial detainees in excess of 48 hours based on knowingly forged sworn complaints violates the detainees' Fourth Amendment rights in a manner which is actionable under 42 U.S.C. § 1983;

b. Whether the holding of pretrial detainees based on knowingly forged sworn complaints constitutes false imprisonment under Illinois law;

c. Whether the City of Chicago maintains a policy or practice that is the moving force behind the challenged conduct; and

4

d. If the challenged conduct is found to violate
federal constitutional and/or Illinois law, what injunctive
relief is necessary to reform the current practices of the
Chicago Police Department.

14. Named Plaintiff Haywood's unlawful detention and
false imprisonment claims are typical of the claims of the Class.
Mr. Haywood alleges, *inter alia*, that he was detained in excess
of 48 hours based on a criminal complaint forged by a Chicago
Police Officer pursuant to a routine course of conduct practiced
in up to 90 percent of arrests made without a warrant.

15. Named Plaintiff Haywood will fairly and adequately
represent the interests of the Class. Mr. Haywood has retained
skilled counsel with experience in constitutional and class
action litigation to represent the Class in this litigation.

16. The questions of law and fact common to the Class,
as described in paragraph 13 above, predominate over individual
issues.

17. A class action method is superior to other methods
of resolving the Class Members' claims because, *inter alia*, most,
if not all, of the absent Class Members are not only unaware, but
have no reason for suspecting (and therefore will not otherwise
learn) that the practices alleged herein exist, or that their own
rights have been violated in the manner described above.

18. Defendant City of Chicago has acted, or refused to
act, on grounds generally applicable to all members of the Class,
as described herein, making final injunctive or declaratory
relief appropriate.

5

## Individual Allegations Of David Haywood

19. On the morning of November 7, 2000, Plaintiff David Haywood was driving from his home on the South Side of Chicago to his workplace, Big Pawn Pawnshop, where he was employed as a security guard.

20. Shortly after leaving his apartment, Plaintiff was stopped by the Defendant Officers notwithstanding that Plaintiff had committed no traffic violations justifying the stop.

21. After ordering Plaintiff to get out of his car, the Defendant Officers searched Plaintiff, as well as his car. This search was unlawful in that there was no reasonable suspicion of any wrongdoing.

22. The Defendant Officers subsequently claimed falsely that they had received an "anonymous tip" which led them to stop and search Plaintiff's car.

23. Upon searching Plaintiff, the Defendant Officers removed Plaintiff's firearm from his waist, where it was holstered.

24. Plaintiff proceeded to explain to the Defendant Officers that he had simply been driving to work, where he was a security guard. Plaintiff also asked what he had been pulled over for, and the Defendant Officers told him "don't worry about it"; they proceeded to handcuff and transport Plaintiff to the police station.

25. The following day, on or about November 8, 2000, Plaintiff learned that he had been arrested on the criminal charge of aggravated unlawful use of a weapon ("AUUW").

6

26. As a professional security guard, Plaintiff had previously completed the requisite 40-hour training course, and is to carry his firearm in the State of Illinois. At the time of his arrest, Plaintiff was also in possession of his Firearm Owners Identification ("FOID") card attesting to the same.

27. Plaintiff was not, however, in possession of a "tan card," meaning he was not lawfully carrying his firearms.

28. Until discovery in this litigation, the Defendant Officers never learned or knew that Plaintiff was not carrying his firearms lawfully. In fact, the Defendant Officers arrested Plaintiff without making any investigation as to whether he was or was not legally carrying the firearms on that date. The Defendant Officers' police report makes reference to Plaintiff's FOID card, but no reference to any missing tan card. Rather, the allegation that the officers had probable cause to believe Plaintiff committed a crime based on the missing tan card is a legally-inoperative *post hoc* justification.

29. Plaintiff was subsequently transported to Cook County jail (the "Jail") where Plaintiff was detained unlawfully on the basis of a forged criminal complaint (the "Sworn Complaint").

30. Specifically, the basis for continuing to detain Plaintiff was a criminal complaint which purported to be signed by "P.O. Marozas" and notarized by a "P.O. Burnby, Star No. 83".

31. Plaintiff's continuing detention was unlawful because the basis for that detention, the Sworn Complaint, is a forgery and, as such, was null and void and without legal effect.

7

32. Specifically, the Sworn Complaint was not signed or notarized by the persons purported to have signed and notarized it. Instead the names of these other individuals were "signed" by Mr. Maras.

33. In so doing, Mr. Maras has, at a minimum, committed forgery and perjury by creating false sworn testimony, resulting proximately in Plaintiff's unlawful detention.

34. Officer Maras had knowledge that the Sworn Complaint was a forgery, but took no steps to correct this obstruction of justice.

35. On the basis of this forged Sworn Complaint, Plaintiff was held at the Jail for approximately two weeks while Plaintiff attempted to secure his $10,000 bond.

36. During this unlawful detention, Plaintiff was terminated from his job due to his inability to come to work.

37. After four months of court appearances, Plaintiff's AUUW weapons charge was dismissed in a manner indicative of Plaintiff's innocence.

### COUNT I - 42 U.S.C. § 1983:

#### Unlawful Detention Claim Of Plaintiff and The Class Against Defendant City of Chicago

38. Plaintiff and the Class reallege the foregoing paragraphs as if fully stated herein.

39. As described more fully above, Plaintiff and the members of the Class have been incarcerated without being afforded a probable cause determination on the basis of sworn testimony as guaranteed by the Fourth Amendment to the United

States Constitution. This deprivation of Plaintiff and the Class Members' constitutional rights was effected under color of law.

40. As a result, Plaintiff and the members of the Class have been damaged. The actions set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

41. The City of Chicago caused this deprivation of rights and is liable for Plaintiff's and the Class Members' damages, *inter alia*, because:

a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b. As a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department violate rights in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

9

d.  The City of Chicago has failed to act to remedy the patterns of misconduct described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

42.  The City of Chicago is also liable to Plaintiff and the Class for the damages suffered due to the unlawful imprisonment pursuant to Illinois statute as the unlawful imprisonment was caused by its police officers while acting within the scope of their employment.

43.  The unconstitutional practice complained of herein continues to the present day, and an appropriate reformatory injunction should be entered by the Court.

WHEREFORE, the named Plaintiff, DAVID HAYWOOD, on behalf of himself and a class of others similarly situated, respectfully requests that the Court enter judgment against Defendant CITY OF CHICAGO, awarding appropriate injunctive relief as well as compensatory damages, establish a common fund with all of these monies to award Plaintiff a portion thereof for his attorneys fees, award statutory attorneys' fees, and award any other relief this Court deems just and appropriate.

**COUNT II - State Law False Imprisonment:**

**Claim Of Plaintiff and The Class**
**Against Defendant City of Chicago**

44.  Plaintiff realleges the foregoing paragraphs as if fully stated herein.

45.  As described more fully above, Plaintiff and the members of the Class have been incarcerated in violation of the

10

requirements of Illinois state law resulting in their false imprisonment.

46. As a result Plaintiff and the members of the Class have been damaged.

47. The actions set forth above were undertaken intentionally, with malice and reckless indifference.

48. The City of Chicago is liable to Plaintiff and the Class for the damages suffered due to the false imprisonment pursuant to Illinois statute and the law of *respondeat superior*, as the false imprisonment was caused by its police officers while acting within the scope of their employment.

49. The unlawful practice complained of herein continues to the present day and an appropriate reformatory injunction should be entered by the Court.

WHEREFORE, the named Plaintiff, DAVID HAYWOOD, on behalf of himself and a class of others similarly situated, respectfully requests that the Court enter judgment against Defendant CITY OF CHICAGO, awarding appropriate injunctive relief as well as compensatory damages, establish a common fund with all of these moneys to award Plaintiff a portion thereof for his attorneys fees, and award any other relief this Court deems just and appropriate.

### COUNT III - 42 U.S.C. § 1983:

### Individual Claim Of Plaintiff Haywood For Unlawful Search

50. Plaintiff Haywood realleges the foregoing paragraphs as if fully stated herein.

11

51.   Plaintiff and his automobile were improperly searched by the Defendant Officers without probable cause, and knowing that there was no probable cause, thereby depriving him of liberty.

52.   The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

53.   As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff has suffered damages.

WHEREFORE, Plaintiff, DAVID HAYWOOD, respectfully requests that the Court enter judgment in his favor and against Defendants, OFFICER MAROZAS and OFFICER MARAS, awarding compensatory damages and attorneys' fees, along with punitive damages against OFFICER MAROZAS and OFFICER MARAS in their individual capacities, and any other relief this Court deems just and appropriate.

### COUNT IV - 42 U.S.C. § 1983

#### Individual Claim Of Plaintiff Haywood
#### Against Defendant Officers
#### For False Arrest/False Imprisonment

54.   Plaintiff realleges the foregoing paragraphs as if fully stated herein.

55.   Plaintiff was detained, seized, arrested, and incarcerated despite the Defendant Officers' lack of present knowledge of any facts giving them probable cause to believe that Plaintiff had committed a crime.

12

56. Further, Plaintiff was detained for approximately one week solely on the basis of a forged Criminal Complaint created by Defendant Maras.

57. As a result of this misconduct, Plaintiff has suffered, and continues to suffer, injuries including pain and suffering as well as the loss of his employment.

58. The Defendant Officers' actions set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff, DAVID HAYWOOD, respectfully requests that the Court enter judgment in his favor and against Defendants, OFFICER MAROZAS and OFFICER MARAS, awarding compensatory damages and attorneys' fees, along with punitive damages in their individual capacities, and any other relief this Court deems just and appropriate.

### COUNT V - State Law False Imprisonment:
### Individual Claim Of Plaintiff Haywood

59. Plaintiff realleges the foregoing paragraphs as if fully stated herein.

60. Plaintiff was detained, seized, arrested, and incarcerated despite the Defendant Officers' lack of present knowledge of any facts giving them probable cause to believe that Plaintiff had committed a crime.

61. Further, Plaintiff was detained at the jail for approximately two weeks solely on the basis of a forged Criminal Complaint created by Defendant Maras.

13

62. In the manner described in the preceding paragraphs, Defendants unlawfully restrained Plaintiff's liberty to move about by imprisoning him at the Chicago Police Station and then at the Jail. In this manner, Plaintiff's freedom of movement was unduly and unlawfully restricted.

63. As a result of this misconduct, Plaintiff has suffered, and continues to suffer, injuries including pain and suffering as well as the loss of his employment.

64. The Defendants Officers' actions set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff, DAVID HAYWOOD, respectfully requests that the Court enter judgment in his favor and against Defendants, OFFICER MAROZAS and OFFICER MARAS, awarding compensatory damages along with punitive damages against OFFICER MAROZAS and OFFICER MARAS in their individual capacities.

**COUNT VI - State Law Malicious Prosecution:**

**Individual Claim Of Plaintiff Haywood**

65. Plaintiff realleges the foregoing paragraphs as if fully stated herein.

66. Plaintiff was improperly subjected to judicial proceedings despite the fact that probable cause was absent because the operative Criminal Complaint was a forgery. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of innocence.

14

67.   The Defendant Officers created a forged Criminal Complaint accusing Plaintiff of criminal activity knowing that a forged Criminal Complaint could not provide probable cause, and their actions thereby improperly influenced the prosecutors to institute and continue judicial proceedings.

68.   The Criminal Complaint alleging Plaintiff's culpability was made with knowledge that it was false and perjured.  In so doing, Defendant Officers fabricated evidence and withheld exculpatory information.

69.   The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

70.   As a result of this misconduct, Plaintiff has suffered and continues to suffer injuries including pain and suffering as well as the loss of his employment.

WHEREFORE, Plaintiff, DAVID HAYWOOD, respectfully requests that the Court enter judgment in his favor and against THE CITY OF CHICAGO, OFFICER MAROZAS and OFFICER MARAS, awarding compensatory damages along with punitive damages against OFFICER MAROZAS and OFFICER MARAS in the individual capacities, as well as any other relief this Court deems just and appropriate under the circumstances.

### COUNT VII - Respondeat Superior
### Individual Claim Of Plaintiff Haywood

71.   Plaintiff realleges the foregoing paragraphs as if fully stated herein.

15

72. In committing the acts alleged above, the Defendant Officers were members of, and agents of, the Chicago Police Department acting at all relevant times within the scope of their employment.

73. Defendant City of Chicago is liable as principal for all torts committed by its agents.

WHEREFORE, Plaintiff, DAVID HAYWOOD, respectfully requests that the Court enter judgment in his favor and against Defendant, CITY OF CHICAGO, in an amount equal to any award of compensatory damages and attorneys fees against OFFICER MAROZAS and OFFICER MARAS, as well as any other relief this Court deems just and appropriate under the circumstances.

## COUNT VIII - Indemnification
### Individual Claim Of Plaintiff Haywood

74. Plaintiff realleges each of the preceding paragraphs as if fully stated herein.

75. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

76. The Defendant Officers are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, DAVID HAYWOOD, respectfully requests that the Court enter judgment in his favor and against Defendant CITY OF CHICAGO in the amounts awarded to Plaintiff against OFFICERS MAROZAS AND OFFICER MARAS, as compensatory

16

damages and attorneys' fees, and any other relief this Court deems just and appropriate under the circumstances.

**JURY DEMAND**

Plaintiff, DAVID HAYWOOD, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Michael Kanovitz
Danielle Loevy
Jon Rosenblatt
LOEVY & LOEVY
434 West Ontario, Ste. 400
Chicago, IL 60610
(312) 274-1700

17